[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT'S MOTION TO STRIKE
Lasky Witt for plaintiff.
Shipman Goodwin for defendant.
The defendant moves that the second count alleging breach of an implied contract be stricken because it fails to state a claim upon which relief may be granted. The second count in its relevant parts reads as follows:
 28. The defendant has a duty to provide its employees with a work environment free from hostility, intimidation, or offensive conditions under Conn. Gen. Stat. § 46a-60(a)(8).
 29. Defendant issued employees its policy on sexual harassment which contained terms and conditions of plaintiff's employment.
 30. Said policy constitutes an implied-in-fact contract between plaintiff and defendant.
 31. Defendant's failure and refusal to mitigate plaintiff's hostile and offensive work environment constitutes a breach of said contract. CT Page 6110
The basis for the motion to strike is that count two "merely reiterates a statutory requirement already imposed upon Connecticut employers under FEPA" (Fair Employment Practices Act) (and therefore) fails to state a cognizable claim for relief." The defendant relies on the so-called "pre-existing duty rule." A contract requires consideration and consideration requires detriment. Logic therefore requires this rule which "states that where a party does or promises to do what he (sic) is legally obligated to do or promises to refrain from doing or refrains from doing what he (sic) is not legally privileged to do he (sic) has not incurred detriment. . . . . (the party) is not surrendering a legal right." Contracts 3rd, Calamari Perillo, West Publ. Co., 4-9(a) page 204. Connecticut has this rule, see Brian Construction Dev. Co.176 Conn. 162, 166 (1978). Interestingly as Calamari notes the courts have not been entirely comfortable with this rule and have been willing to carve out exceptions to it as the court did in BrianConstruction, see pp. 166-168. The exception discussed in that case admittedly has nothing to do, however, with any issue raised by this motion to strike. The defendant's position is well-taken but the court believes it is premature or at least incapable of being resolved on the present pleadings. Perhaps a request to revise framing the issues would have been advisable especially one directed at the allegations contained in paragraph 29 wherein the plaintiff alleges the defendant issued its employees its "policy" on sexual harassment which contained "terms and conditions of plaintiff's employment."
The court has no idea as to what those "terms and conditions" might be but the court does have an obligation to accept the allegation of the complaint as true and construe them in a manner most favorable to the non-moving party. Kelly v. Figueiredo,223 Conn. 31, 31 (1992). Obviously employers have a duty to keep the work place free of this peculiarly obnoxious type of behavior by statute. But an employment manual may set out how complaints are to be handled with provisions for relief at various levels, time frames for relief, procedural protections for complainants, etc. All of this may not be specifically mandated by statute but may give complainants procedural rights, remedies, and protections not even envisaged in the statute. More importantly the employee may be led to expect that this procedural policy will be followed. Compare the not directly related but somewhat analogous situation where policy of progressive discipline held to limit unfettered right to discharge even where employee not hired for a definite term, Munson v. United TechnologiesCT Page 6111Corp. , 4 CSCR 748, 479 (1989).
Since the motion to strike narrowly focuses on the fact that the obligation assumed by the defendant was mandated by statute and not on the plaintiff's obligation to spell out the terms and conditions which might enforce that right in ways not contemplated by the statute, it would not be appropriate for the court to grant the motion. The "terms and condition of employment" described in paragraph 29 seem to be referring to specific job policies and procedures that although motivated by 46a-60(a)(8) are not specifically dictated by it.
The motion to strike is denied
Corradino, Judge